ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

| | |
|---|---|
| ANNA ELENTO-SNEED | 3412 |
| ZACHARY A. MCNISH | 8588 |

1001 Bishop Street
Suite 1800
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail: aes@ahfi.com
zmcnish@ahfi.com

Attorneys for Defendants
WYNDHAM WORLDWIDE
CORPORATION, WYNDHAM
VACATION OWNERSHIP, INC.,
WYNDHAM VACATION
RESORTS, INC., MICHAEL JONAH,
and TOM VIRAG

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 01 2011
at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LIANE WILSON, and JOANNA WHEELER, on behalf of themselves and on behalf of other females similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM VACATION RESORTS, | Case No. CV11 00538 LEK BMK<br><br>DEFENDANTS WYNDHAM WORLDWIDE CORPORATION, WYNDHAM VACATION OWNERSHIP, INC., AND WYNDHAM VACATION RESORTS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION; DECLARATION OF ANNA ELENTO-SNEED; DECLARATION OF SANFORD NOJIMA; EXHIBITS "1"- "12"; |

784751v2

| | |
|---|---|
| INC.; MICHAEL JONAH; MARK POLLARD; TOM VIRAG; DOES I - X; and ROE BUSINESS ENTITIES I – X, Inclusive,<br><br>                       Defendants. | CERTIFICATE OF SERVICE |

## DEFENDANTS WYNDHAM WORLDWIDE CORPORATION, WYNDHAM VACATION OWNERSHIP, INC., AND WYNDHAM VACATION RESORTS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION

### INTRODUCTION

Defendants Wyndham Worldwide Corporation, Wyndham Vacation Ownership, Inc., and Wyndham Vacation Resorts, Inc., ("Removing Defendants" or "Wyndham"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby file this Notice of Removal pursuant to 28 U.S.C. § 1446. The Removing Defendants have the right to remove the action entitled *Liane Wilson, et al. v. Wyndham Worldwide Corporation, et al.,* Civil No. 11-1-0101, filed in the Circuit Court of the Fifth Circuit of the State of Hawai`i ("Action"), to the United States District Court for the District of Hawai`i, pursuant to 28 U.S.C. §§ 1332 and 1446, as further set forth below.

### FACTUAL BACKGROUND

1.     Plaintiffs Liane Wilson and Joanna Wheeler, on behalf of themselves and others similarly situated ("Plaintiffs"), filed the above-referenced Action on June 6, 2011.  A true and correct copy of the Complaint (styled as a "Class Action

784751v2                                                                 2

Complaint") is attached hereto as Exhibit 1. The Removing Defendants accepted service of the Complaint and Summons through their counsel on August 3, 2011. Declaration of Anna Elento-Sneed ("Elento-Sneed Decl.") ¶ 2; Exhibit 2. Removing Defendants have not yet filed a response to the Complaint. On August 4, 2011, Plaintiffs filed an Ex Parte Motion for Permission for Out of State Counsel, Felicia Medina, to Appear *Pro Hac Vice*. On August 16, 2011, the Circuit Court approved and ordered a Stipulation to Continue Hearing on Plaintiffs Liane Wilson and Joanna Wheeler's Motion for Permission for Out of State Counsel, Felicia Medina, to Appear *Pro Hac Vice*, a copy of which is attached hereto as Exhibit 12.

    2.    Plaintiffs' Complaint is brought as a class action under Hawai`i Rule of Civil Procedure 23 "on behalf of themselves and all others similarly situated members of a proposed Plaintiff class defined as: All female residents of Hawai`i who are, or have been, employed by Wyndham in Hawai`i during the period beginning October 2, 2009 . . . through the present." Complaint ¶ 98. Plaintiffs estimated that the class contains "dozens of members," Complaint ¶ 98, which numbered "less than 100," Complaint ¶ 103. Actually, the class contained 643 persons as of the date the complaint was filed on June 6, 2011, and continues to grow as Wyndham continues to hire new employees. Declaration of Sanford Nojima ("Nojima Decl.") ¶¶ 3, 4.

3. Plaintiffs allege the following claims in their complaint: (1) gender discrimination in violation of HRS § 378-2, alleged on behalf of <u>all</u> class members; (2) aiding and abetting in violation of HRS § 378-2, alleged on behalf of <u>all</u> class members; (3) retaliation in violation of HRS §§ 378-62 to -65, alleged by Plaintiff Wilson; (4) retaliation in violation of HRS §§ 378-62 to -5, alleged by Plaintiff Wheeler; and, (5) sexual harassment in violation of HRS § 378-2, alleged by Plaintiff Wilson.

4. Plaintiffs allege that "the sum or value of this action does not exceed $5,000,000 exclusive of interest and costs." However, Plaintiffs' prayer for relief does not seek to limit their damages. Instead, Plaintiffs pray for extensive monetary damages, including:

- "Adjust[ment] [of] the compensation and benefits for the Class Representatives and Class members," Complaint at p. 36
- "nominal, compensatory and punitive damages for each and every claim made herein," *id.* at p. 37;
- "all damages allowed or recoverable by law, i.e. compensatory, special, and general damages as allowed by law," *id.*;
- "litigation costs and expenses, including, but not limited to, reasonable attorneys' fees" *id.*;

- "back pay, front pay, lost benefits, preferential rights to jobs and other damages for lost compensation and job benefits," *id*;

- other payments "to make whole the Class Representatives and Class members by providing them with appropriate lost earnings and benefits," *id*.; and,

- "punitive damages in an amount sufficient to punish and deter Defendants from engaging in any such conduct in the future and as an example to other employers," *id.*

5. Plaintiffs are citizens of Hawai`i. *See* Complaint ¶¶ 8, 9. Removing Defendants are not citizens of Hawai`i, but are citizens of Delaware, New Jersey, and Florida. Nojima Decl. ¶ 2.

## LEGAL STANDARD FOR REMOVAL OF CLASS ACTIONS

6. The Class Action Fairness Act of 2005 ("CAFA") expanded the jurisdiction of federal district courts to grant them "'original jurisdiction of any civil action in which . . . the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs,' and in which the aggregate number of proposed plaintiffs is 100 or greater, and any member of the plaintiff class is a citizen of a state different from any defendant." *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007) (quoting 28 U.S.C. § 1332(d)).

7. To determine the amount in controversy, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). In establishing the amount in controversy, a removing party

is not bound by the damages amount pled in a state law complaint, and may introduce evidence of decisions and awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (affirming district court decision which "properly considered . . . damage awards in similar age discrimination cases" in determining whether it had jurisdiction).

8. When the requirements for original jurisdiction are met, a class action may be removed to federal court in accordance with 28 U.S.C. § 1446, except that a class action "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453. A defendant has thirty (30) days to file a notice of removal after being served with a summons and copy of the complaint.

9. There are certain exceptions to a district court's original jurisdiction under 28 U.S.C. § 1332(d), including the "local controversy" exception and the "home-state controversy" exception. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007). The removing defendants need not address these exceptions on removal; rather it is the plaintiffs' burden to assert and establish the applicability of these exceptions. *Id.* at 1021-22.

## THIS COURT HAS ORIGINAL JURISDICTION

10. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(d)(2) because, as set forth below: (1) the "minimal diversity" requirement of 28 U.S.C. § 1332 has been met; (2) there are more than 100

members of the proposed class; and (3) the amount in controversy is greater than $5,000,000, notwithstanding Plaintiffs' allegations to the contrary

11. The "minimal diversity" requirement of 28 U.S.C. § 1332(d) has been met because at least two members of the plaintiff class (Plaintiffs) are citizens of a state, Hawai`i, different from the Removing Defendants, which are citizens of Delaware, Florida and New Jersey. *Compare* Complaint ¶¶ 8, 9 *with* Nojima Decl. ¶ 2.

12. There are more than 100 members of the proposed class; specifically, the class contained 643 members as of June 6, 2011, and continues to grow. Nojima Decl. ¶¶ 3, 4; Ex. 3; Ex. 4.[1] Of these, 393 are female Wyndham employees who were employed in Hawai`i as of June 6, 2011, Ex. 3, while 250 are former Wyndham employees who were not employed by Wynhdam as of June 6, 2011, but had been employed by Wyndham in Hawai`i between October 5, 2009 and June 6, 2011, Ex. 4.

13. The amount in controversy in this matter is greater than $5,000,000, notwithstanding Plaintiff's allegations to the contrary, based on: (a) the amount of back pay and lost wages that are in controversy as to members of the proposed

---

[1] To protect their privacy, the employees' personal identifying information has not been included in the spreadsheets. If required, Removing Defendants will provide this identifying information under seal or for *in camera* review by the Court.

class who are no longer employed by Wyndham; (b) the amount of compensatory and punitive damages awarded in all reported jury verdicts in cases tried in the state and federal courts of Hawai`i in the last twenty years which alleged claims of gender discrimination or sex discrimination; (c) the amount of compensatory damages awarded in all reported contested-case proceedings of the Hawai`i Civil Rights Commission which alleged claims of gender discrimination or sex discrimination under HRS § 378-2; (d) the amount of the jury verdicts and settlements reported in all class action cases which alleged claims of sex or gender discrimination in employment tried in courts across the country in the last twenty years; and, (e) the experience of Removing Defendants' counsel, who has more than twenty years of experience in litigating employment discrimination cases in Hawai`i.

(a)   <u>Back Pay to Terminated Class Members</u>.  One of Plaintiffs' many monetary demands is for Defendants to "place or restore the Class Representatives and the Class members into those jobs they would be occupying but for Defendants' [alleged] discriminatory policies," to award them "back pay," and to provide them "with appropriate lost earnings and benefits . . . ." Complaint, pp. 36-37. The Class includes 250 members who were no longer employed by Removing Defendants as June 6, 2011. Nojima Decl. ¶3; Ex. 4. When the wages for each former employee (taken as a 6-month average preceding his or her date of

termination) are multiplied by the amount of time between that former employee's date of termination and August 31, 2011, the total amount of potential back pay liability Defendants face for the terminated class members alone is $8,339,378.19. Nojima Decl. ¶ 5; Exhibit 4.

(b)   Jury Verdicts – Hawai`i. Another of Plaintiffs' monetary demands is that they be awarded "compensatory and punitive damages for every claim made herein." Complaint p. 37. With a class size of 643 persons, that means that each class member only needs to be awarded $7,776.05 in damages for the amount in controversy in this case to exceed $5,000,000.00. Based on the plaintiffs' jury verdicts reported for gender and sex discrimination cases tried in the state and federal courts of Hawai`i in the last twenty years, a much higher damages award is possible. Elento-Sneed Decl. ¶¶ 4-6. Specifically, the mean per-person compensatory damages award for all plaintiffs' jury verdicts reported for cases tried in the state and federal courts of Hawai`i in the last twenty years which alleged claims of gender discrimination or sex discrimination is $105,907.75. Elento-Sneed Decl. ¶¶ 4, 6; Exhibit 5. The mean per-person punitive damages award for the cases in which punitive damages were awarded is $141,210.33. Elento-Sneed Decl. ¶¶ 5, 6; Exhibit 5. These per-person damages awards greatly exceed the per-person award of $7,776.05 that would provide the basis for federal jurisdiction over this case. Based on the class size of 643 persons,

and the average per-person damages awards for similar cases tried in Hawai`i over the last twenty years, it is clear that the total amount in controversy here greatly exceeds $5,000,000.

(c) Hawai`i Civil Rights Commission Damages Awards. Although this proceeding is not before the Hawai`i Civil Rights Commission ("HCRC"), the HCRC is the state agency charged with the enforcement of HRS § 378-2. *See, e.g., Voluntary Ass'n of Religious Leaders, Churches, and Organizations v. Waihee*, 800 F.Supp. 882, 884 (D. Haw. 1992) ("The Hawai`i Civil Rights Commission is empowered with enforcing the provisions of Chapter 378"). The compensatory damages awards made in the cases it pursues are instructive as to the HCRC's valuation of discrimination claims brought under HRS § 378-2, although these awards are generally much lower than jury verdicts. Elento-Sneed Decl. ¶ 8. The mean per-person damages award for all reported contested case proceedings litigated before the Hawai`i Civil Rights Commission which alleged claims of gender discrimination under HRS § 378-2 is $43,000.0. Elento-Sneed Decl. ¶ 8; Exhibits 6-10. Just like the jury verdicts, this number greatly exceeds the per-person award of $7,776.05 that would create federal jurisdiction in this case. Accordingly, the amount in controversy here, based on cases involving similar claims litigated in contested case proceedings before the Hawai`i Civil Rights Commission greatly exceeds $5,000,000.

(d) <u>Class Actions Verdicts and Settlements.</u> Although there are no reported jury verdicts or settlements for class action cases alleging gender or sex discrimination claims in Hawai`i, the reported verdicts and settlements in such class action cases in other jurisdictions demonstrate that the amount in controversy in this class action far exceeds $5,000,000. Specifically, the mean per-case jury verdict or settlement amount in reported employment class action cases involving claims of gender discrimination or sex discrimination in other jurisdictions is $25,670,009. Elento-Sneed Decl. ¶ 11; Ex. 11. Accordingly, the amount in controversy, based on class action cases involving similar claims greatly exceeds $5,000,000.

(e) <u>Experience of Removing Defendants' Counsel</u>. The Removing Defendants' counsel has more than twenty years of experience in litigating employment discrimination cases; in her opinion, taking into account the claims asserted on behalf of the class, the retaliation and harassment claims asserted by the two Plaintiffs on their own behalf, and the amount of attorney's fees that could be awarded if this case were to go to trial, the amount in controversy in this case greatly exceeds $5,000,000. Elento-Sneed Decl. ¶¶ 14, 15.

14. Based on the information and evidence provided above, there is no doubt that the amount in controversy in this case greatly exceeds $5,000,000 and that this Court has original jurisdiction over this matter.

## REMOVAL IS PROPER

15.  Removing Defendants have timely removed this Action. Removing Defendants were served with the summons and Complaint on August 3, 2011. Accordingly, this Notice of Removal has been filed within 30 days of service of the summons and Complaint on Removing Defendants. Pursuant to 28 U.S.C. § 1453, Removing Defendants have the right to remove this Action without obtaining the consent of the other defendants.

## CONCLUSION

16.  Removing Defendants will give written notice of the filing of this Notice of Removal to all parties in this case and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Fifth Circuit, State of Hawai`i, pursuant to 28 U.S.C. § 1446(d).

17.  This Notice of Removal is not intended to and shall not be construed to waive any defenses available to Removing Defendants in this Action, and all such defenses are expressly preserved, including without limitation Removing Defendants' right to oppose certification of the putative class.

//

//

//

//

WHEREFORE, Defendants Wyndham Worldwide Corporation, Wyndham Vacation Ownership, Inc., and Wyndham Vacation Resorts, Inc. respectfully petition that the above-referenced pending state court action be removed to this Court.

DATED: Honolulu, Hawai`i, September 1, 2011.

_/s/ Anna Elento-Sneed_
ANNA ELENTO-SNEED
ZACHARY A. MCNISH

Attorneys for Defendants
WYNDHAM WORLDWIDE
CORPORATION, WYNDHAM
VACATION OWNERSHIP, INC.,
WYNDHAM VACATION RESORTS,
INC., MICHAEL JONAH, and TOM
VIRAG