CIVIL RIGHTS COMMISSION

STATE OF HAWAII

| | |
|---|---|
| WILLIAM D. HOSHIJO, Executive Director, on behalf of the complaint filed by SHAWN M. SMITH,<br><br>vs.<br><br>TABERU MANAGEMENT, INC. dba RB HONOLULU #1,<br><br>Respondent. | DOCKET NO. 97-009-E-P<br><br>FINAL DECISION AND ORDER |

## FINAL DECISION

This case involves a claim of sex discrimination by Shawn M. Smith ("Smith"), complainant, against Respondent Taberu Management, Inc. ("hereinafter TMI"). Smith alleged that TMI had discriminated against her because of her sex, which includes pregnancy and child birth, when it refused to reinstate her after she completed maternity leave and then terminated her.

The Hearings Examiner's Findings of Fact, Conclusions of Law and Recommended Order ("Recommended Decision") was filed on June 26, 1998. The Recommended Decision found that TMI had violated H.R.S. § 378-2, which prohibits sex discrimination in employment, and H.A.R. §§ 12-46-107 and 108. H.A.R. § 12-46-107(b) provides that an employer may not discharge an employee "because she requires time away from work for disability due to and resulting from pregnancy, childbirth, or related medical conditions." H.A.R. § 12-46-108(c) requires an employer to reinstate an employee after

EXHIBIT "6"

I hereby certify that this is a true and correct copy of the original on file at the HAWAII CIVIL RIGHTS COMMISSION.

maternity leave "to her original job or to a position of comparable status and pay, without loss of accumulated service credits and privileges."

The Recommended Decision found that TMI's reasons for not reinstating Smith and terminating her were unsupported by the record. Although its fast food restaurant franchise was being sold to settle a lawsuit, there was nothing in the settlement agreement to preclude TMI from reinstating Smith to her original position as the general manager of the restaurant. The employee occupying her position was willing to resign in order to let Smith return, and Smith was willing to accept less pay and a lower position if allowed to return. There was evidence that the decision to let her go was made because management felt it would be "easier" to do so because "she was already on leave."

The Recommended Decision found that Smith was entitled to backpay of $27,438.94 for loss of income during when she was without a job, the difference in pay after she found a job, and incurred medical expenses. The Recommended Decision found that Smith suffered significant emotional distress as a result of her non-reinstatement and termination and awarded her $60,000.00 in compensatory damages. During almost ten months of unemployment, Smith became stressed, depressed, and withdrawn. Her family was under great financial strain because of purchasing a new home and her husband's disability. For several months, she and her two children, including the newborn, had no medical insurance. She applied for welfare and received food stamps. She defaulted in her

2

mortgage payments and would have lost the home but for help from her grandmother. In addition, TMI management refused to write her a letter of recommendation unless she signed a "hold harmless" form. The Recommended Decision ordered TMI to provide affirmative relief, if it returns to do business in the State.

On July 9, 1998, the Executive Director filed a Statement Concerning Recommended Order Filed 6/26/98, stating that no exceptions would be filed and supporting the Recommended Decision in its entirety. TMI did not file written exceptions. No party requested an opportunity to present oral argument. Under H.A.R. § 12-46-57, if no written exceptions are filed, the Commission is required to issue a written Final Decision and Order, either adopting or modifying or reversing, in whole or in part, the Recommended Decision.

Upon consideration of the Recommended Decision and the record, the Commission hereby adopts and incorporates the Findings of Fact, Section II, in the Final Decision. The Commission hereby adopts and incorporates the Conclusions of Law, Sections III A, B, C, and D, in the Final Decision. Commissioner Claudio Suyat, chair of the Commission, did not participate in the decision due to illness.

## ORDER

The Commission hereby adopts and incorporates the Recommended Order in the Final Decision and Order.

DATED: Honolulu, Hawaii _August 13, 1998_

_Jack Law_
Jack Law
Commissioner

3

_____
Allicyn Hikida Tasaka
Commissioner

_____
Faye Kennedy
Commissioner

_____
Harry Yee
Commissioner

Notice: Under H.R.S. § 368-16(a), a complainant and respondent shall have a right of appeal from a final order of the Commission by filing an appeal with the circuit court within thirty (30) days after service of an appealable order of the Commission.