CIVIL RIGHTS COMMISSION

STATE OF HAWAII

'96 OCT 29 P2:15

| | |
|---|---|
| LINDA C. TSEU, Executive Director, on behalf of the complaint filed by LINDA LOUISE GOULD,<br><br>v.<br><br>DR. ROBERT SIMICH, formerly dba DR. ROBERT L. SIMICH AND ASSOCIATES, also formerly dba KAILUA FAMILY AND URGENT MEDICAL CARE; and DR. HAROLD STEINBERG,<br><br>Respondents. | Docket No. 95-012-E-SH |

FINAL DECISION AND ORDER

On June 20, 1996, the Hearings Examiner filed Proposed Findings of Fact, Conclusions of Law and Recommended Order ("Recommended Decision"). On July 20, 1996, the Executive Director filed Written Exceptions.[1] Respondents did not file Written Exceptions. Neither party filed a Statement in Support.

On September 9, 1996, the Executive Director filed a Motion to Allow Executive Director to File Memorandum in Support of Hearings Examiner's Damages Award. On September 24, 1996, the Executive Director filed a Motion to Dismiss Dr. Robert Simich, formerly dba Dr. Robert L. Simich and Associates, also formerly dba Kailua Family and Urgent Medical Care.

[1]Both parties filed motions for extensions of time to file written exceptions. On July 9, 1996, the Commission issued an order finding good cause to grant the parties additional time to file written exceptions.

I hereby certify that this is a true and correct copy of the original on file at the HAWAII CIVIL RIGHTS COMMISSION.

CHIEF COUNSEL

EXHIBIT "7"

On September 25, 1996, at 1:00 p.m., the parties presented oral argument to Commissioners Jack Law, Faye Kennedy, William Hoshijo, and Allicyn Hikida-Tasaka. Representing Respondent Dr. Harold Steinberg was Wesley K.C. Lau, Esq., and representing the Executive Director were Karl K. Sakamoto, Esq., and Cheryl Tipton, Esq. Also present at the hearing was the Executive Director.

On September 30, 1996, Commissioner Amefil Agbayani, who was not present at oral argument, listened to the entire tape recording of the oral argument and filed an affidavit attesting thereto on October 11, 1996. Commissioner Agbayani has read the written submissions and considered the portions of the record cited by the parties. H.R.S. § 368-14(a). Commissioner Agbayani will participate in this decision.

I. Preliminary Matters

The Commission grants the Executive Director's Motion to Dismiss Dr. Robert Simich, formerly dba Dr. Robert L. Simich and Associates, also formerly dba Kailua Family and Urgent Medical Care, from the case. The only remaining Respondent is Dr. Harold Steinberg.

The Commission also grants the Motion to Allow Executive Director to File Memorandum in Support of Hearings Examiner's Damages Award. Under Commission's rules, a party may submit a Statement in Support of the Decision within fifteen days after receiving Written Exceptions from the opposing party. Haw. Admin. R. ("H.A.R.") § 12-46-54. The Memorandum on Damages is

essentially a Statement in Support of the Decision. In this case, Respondents did not file Written Exceptions so there was no opportunity under the rules for the Executive Director to file a Statement in Support. At the commencement of oral argument, the Commission notified counsel for Respondent that the motion would be granted unless counsel objected and presented reasons providing good cause to deny the motion. Respondents had not opposed the motion in writing and did not object or present reasons at oral argument to justify denial of the motion.

In future cases, if a party does not file Written Exceptions and the opposing party wishes to file a Statement in Support, the Hearings Examiner is authorized to accept for filing a Statement in Support of the Decision, if submitted within fifteen days after the date that the non-filing party would have been required to file its Written Exceptions. The Statement in Support will be made part of the record transmitted to the Commission. H.A.R. § 12-46-55. Thereafter, the other party may file a motion with the Commission to strike the Statement in Support, if desired.

## II. FINDINGS OF FACT

The Recommended Decision contains extensive Proposed Findings of Fact regarding the sexual harassment of Complainant Linda L. Gould ("Gould") while she was employed as a medical assistant at Kailua Family and Urgent Care. The conduct consisted of verbal and physical conduct of a sexual nature which created an intimidating, hostile, and offensive work environment. The perpetrator was Dr.

Harold Steinberg. Dr. Steinberg's conduct towards Gould included statements about the size and shape of her breasts as well as other verbal statements of a sexual nature directed at her and others. Dr. Steinberg also engaged in physical conduct of a sexual nature towards Gould. He snapped Gould's bra strap from behind at least ten (10) times. He dropped an object down the front of her shirt and laughed. He would often rub up against Gould when he passed her in the lab area. He would intentionally shoot rubber bands and paper clips at her private parts. Gould told Dr. Steinberg on several occasions, "Doctor, that's offensive." Once she told him that his behavior could be considered sexual harassment. Despite her objections, Dr. Steinberg did not stop.

Her co-workers often saw that Gould was upset by Dr. Steinberg's conduct. Gould was confident and sociable before the sexual harassment but became fearful and withdrawn afterwards. She was embarrassed, humiliated, angry, and upset by the harassment. She felt powerless and lost self-confidence when she couldn't change things. She often cried before going to work, felt tense, anxious, and had headaches while at work, and was angry, tense, irritable, exhausted, and had stomach problems while at home. The Recommended Decision found that Dr. Steinberg's conduct was unwelcome and created an intimidating, hostile, and offensive work environment.

Dr. Steinberg did not file exceptions to the Recommended Decision. At oral argument, counsel for Dr. Steinberg stated that a choice was made not to file exceptions. <u>Oral Argument Transcript</u>

at 2. Counsel contended that none of the alleged conduct had occurred and that Gould was lying. Id. at 8-9. Aside from the blanket denial, Dr. Steinberg did not provide the Commission with any basis to reject the Proposed Findings of Fact about his conduct. The record clearly supports the Proposed Findings. Gould's testimony regarding the incidents and the work environment was corroborated by other employees. One employee testified that, like Gould, Dr. Steinberg had pulled her bra strap from behind. The employee also saw him shoot rubber bands and paper clips at Gould and noticed that she was often tense, red in the face, and upset at him. Another employee heard Dr. Steinberg's comments about Gould's breast shape and size and heard her say "That's not appropriate" after other comments. Two of Gould's friends also testified to the adverse effect that the working environment had upon her mental and emotional state.

Proposed Finding of Fact 22 refers to 1996 as the year that certain events occurred. The Executive Director points out that the record shows that these events actually occurred in 1992. Finding of Fact 22 is hereby amended to change the three references from 1996 to 1992. The Commission hereby adopts the Proposed Findings of Fact, as amended, in their entirety and incorporates them into the Final Decision.

## III. CONCLUSIONS OF LAW

The Commission hereby adopts Conclusions of Law A, 2, that the Commission had jurisdiction over Dr. Steinberg. Dr. Steinberg did

not take exception to Conclusion of Law A, 2, or raise the matter in oral argument. Although Dr. Simich has been dismissed from the case, the Commission hereby adopts Conclusion of Law A, 1, that the Commission had jurisdiction over Dr. Simich because Conclusion of Law A, 2 relies upon it.

Conclusion of Law A, 3 found that the complaint should not be dismissed even though the reasonable cause determination was not made within 180 days because the Commission had granted extensions of time to make the determination. Dr. Steinberg raised this issue at oral argument. H.R.S. § 368-13(b) requires the Executive Director to make a reasonable cause determination within 180 days of the filing of the complaint, "unless the commission grants an extension of time to issue a determination." The record reflects that the Commission granted three extensions and the reasonable cause determination was made within the third extension. The Commission hereby adopts Conclusion of Law A, 3.

Conclusion of Law B, 1 and 2 found that there was no violation of due process by allowing Gould's deposition to be taken by telephone or by the disclosure of 12 documents on the eve of the contested case hearing. Dr. Steinberg contended that Gould should have returned to Hawaii for her deposition because a party to a lawsuit would be required to do so under the Hawaii Rules of Civil Procedure. The Recommended Decision correctly points out that the Gould, as the Complainant, was not a party to the proceeding because she had not intervened, and there was good cause for her not to attend the deposition in Hawaii due to lack of funds. The

procedures of using a speakerphone, making a videotape of Gould answering the questions, and express mailing a copy of the videotape to Dr. Steinberg's counsel for review was fair under the circumstances. Dr. Steinberg did not provide any examples of prejudice resulting from the use of these procedures. The Commission hereby adopts Conclusion of Law B, 1. The document disclosure was briefly raised at oral argument and no showing of prejudice was made. As the Recommended Decision points out, Dr. Steinberg could have requested a continuance for time to review the documents. The Commission hereby adopts Conclusion of Law B, 2.

Conclusion of Law C sets forth the legal standards for determining sexual harassment. The Executive Director took exception to the standard for situations where the perpetrator and victim are of the same gender. Dr. Simich has been dismissed from the case.[2] With respect to him, there is no issue of same gender harassment. Dr. Debra Moorehead Dunn is not a party.[3] Any claims against Dr. Simich and Dr. Moorehead Dunn are moot. Mahiai v. Suwa, 69 Haw. 349 (1987) ("A case is moot if it has 'lost its character as a present, live controversy of the kind that must exist if [courts] are to avoid advisory opinions on abstract propositions of law.'") (citations omitted, brackets in original.) Dr. Steinberg is not liable for Dr. Moorehead Dunn's actions under

---

[2]Because he has been dismissed, the Commission does not have to decide if Dr. Simich sexually harassed Gould and declines to adopt that portion of Conclusion of Law C, 1.

[3]Because Dr. Moorehead Dunn is not a party, the Commission declines to adopt Conclusion of Law C, 2.

an agency theory. There is no reason for the Commission to decide if Dr. Moorehead Dunn engaged in same gender sexual harassment because it would not affect the amount of damages or the constructive discharge issue. Thus, until there is an appropriate case raising the issue, the Commission will not decide the standard for proving same gender sexual harassment.

The Commission hereby adopts Conclusion of Law C to the extent that it finds that Dr. Steinberg sexually harassed Gould. Dr. Steinberg's conduct was not merely juvenile or crude but unlawful and highly unprofessional. His sexual comments to Gould and the many times he physically touched her were unwelcome and created an intimidating, hostile, and offensive work environment because of her sex. H.A.R. § 12-46-109(a)(3).

Conclusion of Law D found that Gould was not constructively discharged when she resigned to work for another doctor. The Executive Director took exception and argues that Gould was compelled to leave because of the sexual harassment and seeks a determination of this issue despite the fact that Gould would not be entitled to additional damages because her new job paid more. The Recommended Decision at 30 noted that there was no proof of lost benefits and found that because Dr. Steinberg had resigned before Gould, for reasons unrelated to her claim of sexual harassment, his presence and conduct after his resignation were not so intolerable that Gould was compelled to resign.

The Commission recognizes that there may be situations where a constructive discharge can occur even though the harasser is no

longer working with the victim. Looking at the totality of the circumstances, an intimidating, hostile, and offensive work environment may not be cleansed when a harasser leaves. The time between resignations is one factor to be considered together with the employer's efforts to take immediate and appropriate corrective action, H.A.R. § 12-46-109(d), and the extent of the victim's efforts to seek other employment before the harasser leaves. If a victim has decided to leave because the employer has failed to take immediate and appropriate corrective action, actively seeks other employment, and resigns shortly after the harasser, it is conceivable that the work environment has not be sufficiently cleansed to preclude a finding of constructive discharge.

In this case, Gould would not be entitled to additional damages because she was paid more at her new job. Because the remedies awarded would not be affected even if a constructive discharge is found, the Commission declines to decide the issue because it is moot. Mahiai v. Suwa, supra. The Commission does not adopt Conclusion of Law F, 1, regarding constructive discharge.

The Commission hereby adopts Conclusion of Law E on liability. The Commission hereby adopts Conclusion of Law F, 2 and 3 on compensatory and punitive damages, respectively. Working at the clinic changed Gould from being confident and social to withdrawn and fearful. For six months, she was tense, anxious, irritable, and exhausted by the harassment which caused her to have headaches at work and stomach problems at home. She is awarded $40,000 in compensatory damages for the emotional distress and $20,000 in

punitive damages. The Commission hereby adopts the Recommended Order. The adopted Conclusions of Law and Recommended Order are hereby incorporated into the Final Decision.

DATED: Honolulu, Hawaii OCT 29 1996

AMEFIL AGBAYANI
Chairperson

ALLICYN HIKIDA-TASAKA
Commissioner

WILLIAM HOSHIJO
Commissioner

FAYE KENNEDY
Commissioner

JACK LAW
Commissioner

Notice: Under H.R.S. § 368-16(a), a complainant and a respondent shall have a right of appeal from a final order of the Commission by filing an appeal with the circuit court within thirty (30) days of service of an appealable order of the commission.