HAWAII CIVIL RIGHTS COMMISSION 93 JAN 25 2617

STATE OF HAWAII

In the Matter of ) Docket No. 91-001 E-SH
) Fep No. WH 3962
DOLORES R. SANTOS, )
) FINAL DECISION AND ORDER
    Complainant, )
)
———————————————— )
)
MASAMI "SPARKY" NIIMI and )
HAWAIIAN FLOWER EXPORTS, INC. )
)
    Respondents. )
)
———————————————— )

*Note: Should read "92-001 E-SH"*

## FINAL DECISION

On January 6, 1993, 1:00 p.m., the Commission heard oral argument in the above-entitled case. Present were Commissioners Amefil Agbayani, Daphne Barbee-Wooten, Josephine Epstein, Jackie Mahi-Erickson, and Richard Port. Complainant Dolores R. Santos ("Complainant") was present. The case in support of the complaint[1] ("Santos") was presented by Enforcement Attorneys Karl Sakamoto, Esq., and Anne Randolph, Esq. Respondent Masami "Sparky" Niimi ("Respondent Niimi") was represented by Glenn Hara, Esq. Respondent Hawaiian Flower Exports, Inc. ("HFE") was not

—————————————
[1]H.R.S. § 368-14(a)(1991) provides in part that "[t]he case in support of the complaint shall be presented at the hearing by counsel provided by the commission." Thus, at the administrative hearing stage, the Complainant is technically not a party to the action unless a motion to intervene is granted. H.A.R. § 12-46-25.

1

I hereby certify that this is a true and correct copy of the original on file at the HAWAII CIVIL RIGHTS COMMISSION.

_____
CHIEF COUNSEL

**EXHIBIT "10"**

represented and did not file exceptions or participate in the oral argument.

Santos and Respondent Niimi filed written exceptions to and statements in support of the Proposed Decision issued by the Hearings Examiner.  The Commissioners considered the exceptions and statements, heard the oral argument, and reviewed the portions of the record cited by the parties.  At the hearing, Respondent Niimi sought to have an exhibit entered into the record.  Santos did not oppose the request.  Although the Commission's review of the proposed decision should be limited to the record developed at the administrative hearing, the Commission admits the document as Respondent's Exhibit O, pursuant to H.R.S. § 91-9(d).[2]

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Commission hereby adopts and incorporates by reference Findings of Fact 1 through 38 and Appendix A of the Proposed Decision.  The Commission hereby adopts and incorporates by reference Conclusions of Law A (Jurisdiction); B (Hostile Work Environment Sexual Harassment); C (Constructive Discharge); D (Liability); and E (Remedies) 1 (Back Pay), 3 (Punitive Damages), and 4 (Other Relief) of the Proposed Decision.  The Commission hereby modifies Conclusion of Law E 2 (Compensatory Damages) of the Proposed Decision to determine that $80,000.00 is appropriate compensation for Complainant's damages.  The remainder of

---

[2]H.R.S. § 91-9(d) allows the parties to stipulate to modify or waive any procedure in a contested case.

Conclusion of Law E 2 is adopted and incorporated by reference.

The Commission having reviewed the record and considered the arguments finds that Complainant's testimony about the occurrence of the incidents to be more credible than Respondent Niimi's. The Commission finds that the preponderance of the evidence in the record establishes that the harassing conduct did take place. The conduct constitutes sexual harassment or discrimination on the basis of sex in violation of H.R.S. § 378-2 and H.A.R. § 12-46-101 et seq.

The Commission is authorized to award compensatory damages to victims of unlawful discrimination. H.R.S. § 368-14. The record is clear that the discriminatory conduct caused Complainant to suffer considerable embarrassment, humiliation, and emotional distress. There are ample medical records to support the causation and extent of Complainant's injuries. Without minimizing the extent of Complainant's injuries, however, the Commission deems that an award of $80,000.00 in compensatory damages is appropriate in this case.

## ORDER

IT IS HEREBY ORDERED that:

1. Respondent HFE shall pay Complainant back pay in the amount of $8739.92 which consists of $10,580.00 (Average weekly wage $230.00 x 46 weeks) less $1,840.34 (Weekly Benefits $154.34 x 12 weeks for July 4, 1991 to September 30, 1991) received as

3

Workers' Compensation Disability payments.   Complainant's future medical expenses will be covered by Workers' Compensation.

2.   Respondents HFE and Masami Sparky Niimi are jointly and severally liable and shall pay Complainant $80,000.00 as damages in compensation for her injuries resulting from discrimination based upon sex.

3.   Respondent Masami Sparky Niimi shall pay Complainant $10,000.00 as punitive damages.

4.   Santos' request for deposition costs and interest is denied.

Dated:   Honolulu, Hawaii, January 25, 1993

_____
Amefil Agbayani, Chairperson

_____
Daphne Barbee-Wooten, Commissioner

_____
Josephine Epstein, Commissioner

_____
Jackie Mahi-Erickson, Commissioner

_____
Richard Port, Commissioner

4

NOTICE:   Pursuant to H.R.S. § 91-14 an aggrieved party may institute proceedings for judicial review in the circuit court within thirty days after service of the certified copy of the final decision and order of the agency.

CIVIL RIGHTS COMMISSION

STATE OF HAWAII

'93 NOV -9 P5:09

| | |
|---|---|
| In the Matter of | Docket No. 92-003-PA-R-S |
| | CIVIL RIGHTS COM... |
| SHIRLEY MAE SMITH | FINAL DECISION AND ORDER |
| on behalf of herself and | |
| JONATHAN BETTS, her minor son | |
| | |
| Complainants | |
| - - - - - - - - - - - - - - - | |
| | |
| MTL, INC.; OAHU TRANSIT | |
| SERVICES, INC.; DEPARTMENT | |
| OF TRANSPORTATION SERVICES, | |
| CITY AND COUNTY OF HONOLULU; | |
| HONOLULU PUBLIC TRANSIT | |
| AUTHORITY, CITY AND COUNTY | |
| OF HONOLULU, | |
| | |
| Respondents. | |

## FINAL DECISION AND ORDER

The Commission heard oral argument on the exceptions and statements in support of the Hearings Examiner's Findings of Fact, Conclusions of Law and Recommended Decision (hereinafter referred to as "H.E.") and the Addendum on October 1, 1993, at 2 p.m., at 250 Punchbowl Street, Room 314, Honolulu, Hawaii.  Commissioners Amefil Agbayani, Daphne Barbee Wooten, Josephine Epstein, Jackie Mahi Erickson, and Richard Port were present.  Present for Complainant were Karl K. Sakamoto, Esq., and Calleen J. Ching, Esq., and present for Respondents were Jared H. Jossem, Esq., and Kitty K. Kamaka, Esq.

I hereby certify that this is a true and
correct copy of the original on file at the
HAWAII CIVIL RIGHTS COMMISSION.

CHIEF COUNSEL

The Commission also heard arguments on the Respondents' Motion to Dismiss the Executive Director's Written Exceptions and on the Executive Director's Motion to Strike a Portion of Respondents' Statement in Partial Support.

I.

## Preliminary Issues

Respondents' Motion to Dismiss Written Exceptions is based upon the argument that the Executive Director is not a party to the proceedings but could have, by motion, intervened to become a party, and that only parties can file exceptions. Thus, the Executive Director did not have the right to file exceptions.

The Commission notes that the Executive Director in her official capacity has filed numerous pleadings with the Hearings Examiner. See, e.g., Scheduling Conference Statement filed by the Executive Director on November 2, 1992. The Commission finds that Respondent was on notice of the Executive Director's involvement from the outset and throughout the proceedings. The Commission finds that because of the failure to file a timely objection to the Executive Director's involvement in the case, Respondents are estopped from raising the issue at this time. Waimea Falls Park, Inc. v. Brown, 6 Haw. App. 83 (1985).

The Commission also finds that the statutory duty of the Commission to provide counsel to present the case in support of the complaint, H.R.S. § 368-14(a), continues through the filing of the exceptions and presentation of oral argument before the Commission. The filing of exceptions in the name of the Executive Director

2

carries out the statutory duty to present the case in support of the complaint.   For these reasons, Respondents' Motion to Dismiss is denied.

The Executive Director's Motion to Strike a Portion of Respondents' Statement in Partial Support is based upon the argument that portions of the statement constitute exceptions and that by filing them after the deadline, Respondents' have not satisfied the deadlines established by the rules.

The Commission notes that on August 12, 1993, it granted Respondents' Motion for Extension of Time to file its exceptions until September 7, 1993, the original deadline being August 10, 1993.   The order also granted the Executive Director an extension to file exceptions at the same time.   The order stated that the extension to the Executive Director was being granted because "it would be unfair and possibly prejudicial to require the Director to file written exceptions well in advance of Respondent's [sic] exceptions."   This indicates that the Commission wanted to ensure that both exceptions were filed at the same time in order to allow each party the same amount of time to respond in the support statements.[1]

The Commission finds that portions of Respondents' support statement, filed after September 7 when any exceptions were due,

---

[1]The Commission order was responding, in part, to a hand written request filed by Respondents' counsel on August 9, 1993, which requested an "extension to September 5, 1993, or twenty days following the Directors [sic] Exceptions, whichever is later."   The Commission did not want to allow Respondents' to file their exceptions after the Executive Director's exceptions.

contains points which are in actuality exceptions to the proposed decision.   The Respondents' statement of support which contain exceptions, Sections A and B, are hereby stricken as being untimely filed under H.A.R. § 12-46-74(a).   <u>See</u>, <u>e.g.</u>, <u>Ariyoshi v. HPERB</u>, 5 Haw. App. 533 (1985) (failure to file exceptions to proposed decision forecloses appeal of the issue to court).

## II.

## FINDINGS OF FACT

None of the parties have filed exceptions to the Hearings Examiner's Findings of Fact.   Having reviewed the record, the Commission notes that there was an error in Finding No. 2 as to when OTS, Inc. took over management of TheBus.   Instead of January 30, 1991 as stated in the Finding, the City contracted with OTS on December 30, 1991.   The Commission hereby amends the first line of Finding of Fact No. 2 to read:   "On December 30, 1991 the City and County of Honolulu contracted with Respondent OTS, another private corporation, to operate TheBus."   The remainder of Finding of Fact No. 2 is unchanged.   Except for this change, the Commission hereby adopts the Findings of Fact in their entirety.

The Commission also adopts in its entirety the procedural history of the case attached as Appendix A to the Hearings Examiner's Findings of Facts, Conclusions of Law and Recommended Order.

## III.

## STANDARD FOR DETERMINING DISCRIMINATION IN PUBLIC ACCOMMODATIONS

The   Commission   hereby   adopts   the   Hearings   Examiner's

4

Conclusion of Law that Respondents are subject to Chapter 489 because they are places of public accommodations.   H.E. p. 21.

The Commission hereby adopts the Hearings Examiner's Conclusion of Law that H.R.S. Chapter 489 prohibits all instances of unfair discrimination by public accommodations and that a single instance of discrimination is sufficient to constitute a violation of the law.   H.E. p. 21-24.   Respondents' contention that there must be more than one incident of discrimination by a public accommodation and its reliance upon employment discrimination cases for this proposition is addressed by the Hearings Examiner's analysis of the differences between the singular nature of contact between a business and its customer and the on-going relationship between employer and employee.

In this case, there was substantial, uncontroverted direct evidence of discrimination.   If there is direct evidence of discriminatory intent, the Respondent may (1) rebut such evidence by proving that the incident did not occur, (2) establish an affirmative defense, and (3) limit, but not avoid, liability by showing mixed motives for the adverse action.   H.E. p. 28.

In this case, Respondents attempted to establish that there were mixed motives for the adverse action by trying to prove that Smith provoked Chong to make racial and sexist epithets and to drive in a reckless manner.   However, MTL, Inc.'s rules which prohibit a driver from making racist slurs, even if provoked, removed any basis for finding a mixed motive.   All other evidence clearly showed Chong's discriminatory intent.

5

At this time, the Commission declines to decide whether to adopt the Hearings Examiner's "motivating factor" standard or the "any factor" standard proposed by the Executive Director.   The Commission notes, however, that there may be a future case where it would have to decide whether to adopt a standard, such as the "any factor" standard.[2]

IV.

LIABILITY

The   Commission   hereby   adopts   the   Hearings   Examiner's Conclusions of Law that there is <u>respondeat superior</u> liability for MTL, Inc., for the driver's conduct, and successor liability for OTS, Inc.   H.E. p 36-39.

V.

REMEDIES

After a careful review of the record and considering the exceptions, support statements, and oral arguments, the Commission hereby awards Complainant Smith $30,000 in compensatory damages. The driver's racist epithets and his behavior are discriminatory, offensive, and unacceptable in our community and caused the emotional distress suffered by the Complainant.   The Commission also awards Complainant the cost of three visits to a psychologist, if she intends to return to Hawaii.   In addition, the Commission awards a civil penalty of $10,000.

---

[2]The   Executive   Director   notes   that   the   Real   Property Transactions Rules recently adopted by the Commission do contain a rule which appears to adopt the "any factor" test to determining violations under H.R.S. Chapter 515.

6

In light of the Findings of Fact regarding the driver's actions, the Commission hereby orders Respondents to take more appropriate disciplinary action against driver Jarvis Chong consistent with the findings and this decision. The Commission believes that the disciplinary actions taken against Mr. Chong were inadequate even under the company rules in effect at the time.

In all other aspects, the Commission affirms the Hearings Examiner's Recommended Order and adopts it as the Final Commission Order.

DATED: Honolulu, Hawaii    _November 9, 1993_

Amefil Agbayani, Chairperson

Daphne Barbee-Wooten, Commissioner

Josephine Epstein, Commissioner

Jackie Mahi-Erickson, Commissioner

Richard Port, Commissioner

NOTICE:   Pursuant to H.R.S. § 91-14, an aggrieved party may institute proceedings for judicial review in the circuit court within thirty days after service of the certified copy of the final decision and order of the Commission.

7