ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

ANNA ELENTO-SNEED             3412
ZACHARY A. McNISH             8588
1001 Bishop Street
Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:      aes@ahfi.com
             zmcnish@ahfi.com

Attorneys for Defendants
WYNDHAM WORLDWIDE
CORPORATION, WYNDHAM
VACATION OWNERSHIP, INC.,
WYNDHAM VACATION
RESORTS, INC., MICHAEL JONAH,
and TOM VIRAG

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| LIANE WILSON; and JOANNA WHEELER, on behalf of themselves and on behalf of other females similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM VACATION RESORTS, INC.; MICHAEL JONAH; TOM | Case No. CV11-00538 LEK BMK<br><br>**DEFENDANTS WYNDHAM WORLDWIDE CORPORATION, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., MICHAEL JONAH, AND TOM VIRAG'S ANSWER TO COMPLAINT FILED ON JUNE 6, 2011; CERTIFICATE OF SERVICE** |

VIRAG; DOES I–X; and ROE
BUSINESS ENTITIES I–X, inclusive,

Defendants.

## DEFENDANTS WYNDHAM WORLDWIDE CORPORATION, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., MICHAEL JONAH AND TOM VIRAG'S <u>ANSWER TO COMPLAINT FILED ON JUNE 6, 2011</u>

Defendants WYNDHAM WORLDWIDE CORPORATION,

WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION

RESORTS, INC. (the "Corporate Defendants"), MICHAEL JONAH, and TOM

VIRAG (together with the Corporate Defendants, the "Wyndham Defendants") by

and through their attorneys Alston Hunt Floyd & Ing, answers the Complaint filed

by Plaintiffs on June 6, 2011, as follows:

### FIRST DEFENSE

1.     The Complaint fails to state a claim upon which relief can be

granted.

### SECOND DEFENSE

2.     Wyndham Defendants deny the allegations contained in

paragraphs 1, 2, 3, 7, 25, 30, 31, 32, 33, 34, 35, 36, 37, 38, 43, 44, 45, 46, 47, 49,

51, 52, 54, 55, 58, 59, 60, 62, 67, 68, 71, 72, 73, 74, 76, 77, 78, 79, 80, 81, 82, 88,

92, 93, 94, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113,

114, 116, 117, 118, 121, 122, 123, 124, 125, 126, 127, 129, 130, 131, 132, 133, 134, 135, 136, 137, 139, 140, 141, 142, 143, 144 and 145 of the Complaint.

3.     Wyndham Defendants admit the allegations contained in paragraphs 4, 19, 23, 85, 90 and 96 of the Complaint.

4.     With respect to the allegations in paragraph 5 of the Complaint, Wyndham Defendants admit that venue is proper.  Wyndham Defendants deny the remaining allegations contained in paragraph 5 of the Complaint.

5.     With respect to the allegations in paragraph 6 of the Complaint, Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy as to whether Plaintiff received a "Right to Sue" letter on March 8, 2011, and on that basis deny this allegation.  Wyndham Defendants deny the remaining allegations of paragraph 6 of the Complaint.

6.     With respect to the allegations in paragraph 8 of the Complaint, on information and belief Wyndham Defendants admit that Plaintiff Liane Wilson currently resides in Princeville, Hawai`i.  Wyndham Defendants admit that Ms. Wilson was employed by Wyndham Vacation Resorts, Inc. ("WVR") as a Sales Associate at WVR's Bali Hai Villas location in Princeville, Kaua`i.  Wyndham Defendants deny the remaining allegations of paragraph 8 of the Complaint.

7.     With respect to the allegations in paragraph 9 of the Complaint, on information and belief Wyndham Defendants admit that Plaintiff Joanna

Wheeler currently resides in Kapaa, Hawai`i.  Wyndham Defendants admit that Ms. Wheeler was employed by Wyndham Vacation Resorts, Inc. ("WVR") as a Sales Associate at WVR's Bali Hai Villas location in Princeville, Kaua`i, Wyndham Defendants deny the remaining allegations of paragraph 9 of the Complaint.

8.      With respect to the allegations in paragraph 10 of the Complaint, Wyndham Defendants admit that Wyndham Worldwide Corporation ("WWC") is a Delaware corporation with its principal place of business in Parsippany, NJ, admit that WWC is registered with the Secretary of State for the state of Hawai`i as a foreign profit corporation, and admit that WWC has a presence in major hospitality markets globally and in the United States.  Wyndham Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

9.      Paragraph 11 of the complaint contains only a legal conclusion and, as such, no response is required.  To the extent that a response is required, Wyndham Defendants deny that WWC has any employees in Hawai`i, but admit that WWC is an employer.

10.      With respect to the allegations in paragraph 12 of the Complaint, Wyndham Defendants admit that WWC has subsidiaries that operate within the lodging, vacation exchange/rental, and vacation ownership segments of

the hospitality industry.  Wyndham Defendants deny the remaining allegations of paragraph 12 of the Complaint.

11.     With respect to the allegations in paragraph 13 of the Complaint, Wyndham Defendants admit that Wyndham Vacation Ownership, Inc. ("WVO") is a Delaware corporation registered with the Secretary of State for the state of Hawai`i as a foreign profit corporation and regularly transacts business in the State of Hawai`i.  Wyndham Defendants deny the remaining allegations contained in paragraph 13 of the Complaint.

12.     Paragraph 14 of the complaint contains only a legal conclusion and, as such, no response is required.  To the extent that a response is required, Wyndham Defendants admit the allegations contained in paragraph 14 of the Complaint.

13.     With respect to the allegations in paragraph 15 of the Complaint, Wyndham Defendants admit that subsidiaries of WVO:  1) engage in the marketing and sales of vacation ownership interests, consumer financing in conjunction with the purchase of vacation ownership interests, property management services to property owners' associations, and development and acquisition of vacation ownership resorts; and 2) WVO is headquartered in Orlando, Florida, and it has subsidiaries that maintain a network of approximately140 properties, 20,000 individual units, and over 800,000 property

owners across North America, the Caribbean, and the South Pacific.  Wyndham

Defendants deny the remaining allegations of paragraph 15 of the Complaint.

14.     With respect to the allegations in paragraph 16 of the

Complaint, Wyndham Defendants admit that WVR is a Delaware corporation

registered with the Secretary of State for the state of Hawai`i as a foreign profit

corporation, admit that WVR regularly transacts business in and has multiple

facilities in the state of Hawai`i and admit that WVR's Secretary of State

registration indicates that its business purpose is "timesharing".  Wyndham

Defendants deny the remaining allegations contained in paragraph 16 of the

Complaint.

15.     Paragraph 17 of the complaint contains only a legal conclusion

and, as such, no response is required.  To the extent that a response is required,

Wyndham Defendants admit the allegations contained in paragraph 17 of the

Complaint.

16.     With respect to the allegations in paragraph 18 of the

Complaint, Wyndham Defendants admit that WVR is part of WVO and sells and

finances vacation ownership interests and develops vacation ownership resorts.

Wyndham Defendants deny the remaining allegations of paragraph 18 of the

Complaint.

17.     With respect to the allegations in paragraph 20 of the

Complaint, Wyndham Defendants admit that Defendant Jonah has been employed by one or more Corporate Defendants as Vice President of Sales, that he is still employed in this location and same role and that he has a supervisory role. Wyndham Defendants deny the remaining allegations contained in paragraph 20 of the Complaint.

18.     Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 21 of the Complaint, and on that basis, deny them.

19.     With respect to the allegations in paragraph 22 of the Complaint, Wyndham Defendants admit that Pollard was employed by one or more of the Corporate Defendants as an Area Vice President and Vice President of Sales of the Princeville site; and at the end of 2010, Pollard was relocated to WVR's Waikiki site and assumed the position of Vice President of Sales of the Waikiki site.  Wyndham Defendants deny the remaining allegations of paragraph 22 of the Complaint.

20.     With respect to the allegations in paragraph 24 of the Complaint, Wyndham Defendants admit that Defendant Virag has been employed by one or more Corporate Defendants as Director of Sales, that he is still employed in the same location and same role and that he holds a supervisory role.  Wyndham Defendants deny the remaining allegations contained in paragraph 24 of the

Complaint.

21.     With respect to the allegations in paragraph 26 of the Complaint, Wyndham Defendants deny that they engaged in illegal actions.  As to the remaining allegations in paragraph 26, Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 26 of the Complaint, and on that basis deny them.

22.     With respect to the allegations in paragraph 27 of the Complaint, Wyndham Defendants deny that they engaged in wrongful and/or illegal actions.  As to the remaining allegations in paragraph 27, Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 27 of the Complaint, and on that basis deny them.

23.     Wyndham Defendants deny that they engaged in wrongful actions against Plaintiffs.  As to the remaining allegations in paragraph 28, Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 28 of the Complaint, and on that basis deny them.

24.     Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 29 of the Complaint, and on that basis deny them.

25.     With respect to the allegations in paragraph 39 of the Complaint, Wyndham Defendants admit that Ms. Wilson began her employment with WVR in December 2006 as a Sales Associate at WVR's Princeville, Hawai`i site and, at the time she applied and was offered employment at WVR, Ms. Wilson was not living on the island of Kauai.  Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations in paragraph 39 of the Complaint, and on that basis, deny them.

26.     With respect to the allegations in paragraph 40 of the Complaint, Wyndham Defendants admit that Ms. Wilson was a high performer and won some awards, including the Legend Award, the Top Performer of the Year, the Rookie of the Year, and the President's club, and that one month her closing percentage was 68% during one month.  Wyndham Defendants deny the remaining allegations contained in paragraph 40 of the Complaint

27.     Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 41 of the Complaint, and on that basis deny them.

28.     Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 42 of the Complaint, and on that basis deny them.

29.     Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 48 of the Complaint, and on that basis deny them.

30.     Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 50 of the Complaint, and on that basis deny them.

31.     With respect to the allegations in Paragraph 53 of the Complaint, Wyndham Defendants admit that a sexual harassment training was conducted by Cindy Lund in September 2009 at the Princeville site, that this training involved computer modules, and that Mr. Jonah, to re-enforce the message of the presentation, cautioned his employees that they should exercise caution when making any remarks to others such as "check out the headlights on Holly." Wyndham Defendants deny the remaining allegations contained in paragraph 53 of the Complaint.

32.     Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 56 of the Complaint, and on that basis deny them

33.     Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 57 of the Complaint, and on that basis deny them.

34.     Wyndham Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 61 of the Complaint, and on that basis deny them.

35.     With respect to the allegations in paragraph 63 of the Complaint, Wyndham Defendants admit the following:  1) VP Jonah called Ms. Wilson into her office and informed her that she was being suspended; 2) VP Jonah stated that the directive had come from Vice President Mark Pollard and Andrea Ward and that Ms. Wilson was to go home and not return to the premises; and 3) Ms. Wilson was put on suspension for four days.  Wyndham Defendants deny the remaining allegations of paragraph 63 of the Complaint.

36.     With respect to the allegations in paragraph 64 of the Complaint, Wyndham Defendants admit that VP Jonah contacted Ms. Wilson and requested that she return to the Princeville site to meet with him, and admit that VP Jonah informed her that numerous customers had complained about her misrepresentations.  Wyndham Defendants deny the remaining allegations contained in paragraph 64 of the Complaint.

37.     With respect to the allegations in paragraph 65 of the Complaint, Wyndham Defendants admit that VP Jonah informed Ms. Wilson that the complaints against her would be investigated and that she remained suspended from work until October 4, 2009, when VP Jonah called her into his office and

advised her that she would be separated from employment.  Wyndham Defendants

deny the remaining allegations contained in paragraph 65 of the Complaint.

38.     With respect to the allegations in paragraph 66 of the

Complaint, Wyndham Defendants admit that Ms. Wilson contacted HR Director

Ward and requested that HR Director Ward provide her with written

documentation of the reason why she was terminated and; in response, HR

Director Ward informed her that the company did not provide any such written

documentation.  Wyndham Defendants deny the remaining allegations of

paragraph 66 of the Complaint.

39.     With respect to the allegations in paragraph 69 of the

Complaint, Wyndham Defendants admit that in March 2009 Ms. Wheeler began

her employment with WVR as a Sales Associate at Wyndham's Princeville,

Hawai`i site.  Wyndham Defendants deny the remaining allegations contained in

paragraph 69 of the Complaint.

40.     Wyndham Defendants are without knowledge or information

sufficient to form a belief as to the truth or accuracy of the allegations in paragraph

70 of the Complaint, and on that basis deny them.

41.     With respect to the allegations in paragraph 75 of the

Complaint, Wyndham Defendants admit that a portion of the Marketing

Department Representatives' compensation system depended on the volume of

qualified tours they were able to book for Sales Associates.  Wyndham Defendants deny the remaining allegations of paragraph 75 of the Complaint.

42.     With respect to the allegations in paragraph 83 of the Complaint, Wyndham Defendants admit that Ms. Wheeler expressed concern to Defendant Michael Jonah about the termination of Ms. Wilson and that Mr. Jonah informed Ms. Wheeler that the termination of Ms. Wilson was a confidential matter.  Wyndham Defendants deny the remaining allegations of paragraph 83 of the Complaint.

43.     With respect to the allegations in paragraph 84 of the Complaint, Wyndham Defendants on information and belief admit that Ms. Wheeler became pregnant in December 2009, in February 2010, she had a miscarriage and, because of the loss she went on leave.  Wyndham Defendants deny the remaining allegations of paragraph 84 of the Complaint.

44.     With respect to the allegations in paragraph 86 of the Complaint, Wyndham Defendants admit that Ms. Wheeler fell below the minimum VPG and that Mr. Jonah informed her that she was being placed on Specific Performance ("SP") plan for failing to meet the minimum.  Wyndham Defendants deny the remaining allegations of paragraph 86 of the Complaint.

45.     With respect to the allegations in paragraph 87 of the Complaint, Wyndham Defendants admit as part of the SP plan, Ms. Wheeler was

required to make at least two sales per twelve tours in order to keep her job.

Wyndham Defendants deny the remaining allegations of paragraph 87 of the

Complaint.

46.     Wyndham Defendants deny the allegations contained in

paragraph 88 of the Complaint.

47.     With respect to the allegations in paragraph 89 of the

Complaint, Wyndham Defendants admit that on August 2, 2010, Mr. Virag pulled

Ms. Wheeler aside and told her that he and VP Jonah wanted to meet with her in

his office.  Wyndham Defendants deny the remaining allegations contained in

paragraph 89 of the Complaint.

48.     With respect to the allegations in paragraph 91 of the

Complaint, Wyndham Defendants are without knowledge or information sufficient

to form a belief as to the truth or accuracy of Ms. Wheeler's feelings.  Wyndham

Defendants deny the remaining allegations of paragraph 91 of the Complaint.

49.     With respect to the allegations in paragraph 95 of the

Complaint, Wyndham Defendants admit that Ms. Wheeler called Wyndham's

Human Resources office to complain about her termination, that she complained of

being treated differently than one of her male co-workers, that the Human

Resources office had not yet been informed of the termination, and that the Human

Resources office told Ms. Wheeler that it would investigate.  Wyndham

Defendants deny the remaining allegations of paragraph 95 of the Complaint.

50.     Wyndham Defendants admit that Ms. Wheeler's employment was officially terminated on or around August 15, 2010.  Wyndham Defendants deny the remaining allegations contained in paragraph 97 of the Complaint.

51.     In answer to the allegations contained in paragraph 107 of the Complaint, Wyndham Defendants incorporates by reference its answers to each of the allegations referenced therein.

52.     In answer to the allegations contained in paragraph 115 of the Complaint, Wyndham Defendants incorporates by reference its answers to each of the allegations referenced therein.

53.     Wyndham Defendants deny the allegations contained in the first paragraph 119 of the Complaint.

54.     Wyndham Defendants deny the allegations contained in the first paragraph 120 of the Complaint.

55.     In answer to the allegations contained in the second paragraph 119 of the Complaint, Wyndham Defendants incorporates by reference its answers to each of the allegations referenced therein.

56.     Wyndham Defendants deny the allegations contained in the second paragraph 120 of the Complaint.

57.     In answer to the allegations contained in paragraph 128 of the Complaint, Wyndham Defendants incorporates by reference its answers to each of the allegations referenced therein.

58.     In answer to the allegations contained in paragraph 138 of the Complaint, Wyndham Defendants incorporates by reference its answers to each of the allegations referenced therein.

### THIRD DEFENSE

59.     At all relevant times hereto, the Corporate Defendants had policies and practices in place to prevent and correct discrimination and retaliation in the workplace, and Plaintiffs unreasonably failed to take advantage of such preventive and corrective policies and practices provided by the Corporate Defendants or otherwise to avoid the harm alleged in the Complaint.

### FOURTH DEFENSE

60.     The Wyndham Defendants exercised reasonable care to prevent and promptly correct any alleged discrimination or harassment

### FIFTH DEFENSE

61.     Any and all conduct about which Plaintiffs complain was a proper exercise of management discretion by the Wyndham Defendants undertaken for legitimate and nondiscriminatory business reasons.

**SIXTH DEFENSE**

62.     The policies and procedures which Plaintiffs allege have disparately impacted women are justified by business necessity.

**SEVENTH DEFENSE**

63.     The Wyndham Defendants had good and sufficient causes and reasons for taking all adverse employment actions, if any, which may have affected Plaintiffs.  Accordingly, Plaintiffs are barred from any recovery in this Action.

**EIGHTH DEFENSE**

64.     Plaintiffs are precluded from asserting any rights alleged in the Complaint by the doctrines of unclean hands, waiver, and/or estoppel.

**NINTH DEFENSE**

65.     Damages allegedly sustained by Plaintiffs, if any, were caused by the actions of someone other than Wyndham Defendants, over whom the Wyndham Defendants had no authority or control, or by intervening or superseding cause.

**TENTH DEFENSE**

66.     Plaintiffs' retaliation claims fail because Plaintiffs did not engage in protected conduct.

## ELEVENTH DEFENSE

67.     Plaintiffs have failed to mitigate their alleged damages and have failed to exercise due diligence in any efforts to mitigate their damages.

## TWELFTH DEFENSE

68.     Plaintiffs are not entitled to recover the punitive damages alleged in the Complaint because Plaintiffs have not set forth a sufficient factual basis for the imposition of punitive damages.

## THIRTEENTH DEFENSE

69.     Plaintiffs are not entitled to injunctive relief on any of their claims because there exist adequate remedies at law.

## FOURTEENTH DEFENSE

70.     Plaintiffs are not entitled to a declaratory judgment or the injunctive relief prayed for in the Complaint because Plaintiffs have failed to plead sufficient facts and/or meet the legal requirements which would entitle them to a declaratory judgment or injunctive relief.

## FIFTEENTH DEFENSE

71.     The Complaint and each purported cause of action alleged therein fail to allege facts sufficient to allow recovery of attorneys' fees from Wyndham Defendants.

**SIXTEENTH DEFENSE**

72.     The Complaint and each claim alleged therein are barred to the extent that the allegations therein are not substantially identical to the claims in the administrative complaint filed by Plaintiffs.

**SEVENTEENTH DEFENSE**

73.     Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

**EIGHTEENTH DEFENSE**

74.     Plaintiffs' claims are not properly brought as a class action and this matter does not meet the requirements for class certification.

WHEREFORE, the Wyndham Defendants pray that:

1.      Plaintiffs take nothing by way of their Complaint;

2.      The Complaint be dismissed;

3.      Plaintiffs' claims for damages, including general, compensatory, punitive, and special damages, back and front pay, costs and attorney's fees, and any other requested relief, be denied;

4.      Judgment be entered in favor of the Wyndham Defendants;

5.      The Wyndham Defendants be awarded their costs herein; and

6.      The Wyndham Defendants have such other and further relief as this Court may deem just and proper.

DATED: Honolulu, Hawai`i, September 8, 2011.


/s/ Zachary A. McNish
ANNA ELENTO-SNEED
ZACHARY A. McNISH

Attorneys for Defendants
WYNDHAM WORLDWIDE
CORPORATION, WYNDHAM
VACATION OWNERSHIP, INC.,
WYNDHAM VACATION RESORTS,
INC., MICHAEL JONAH, and
TOM VIRAG

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIANE WILSON; and JOANNA WHEELER, on behalf of themselves and on behalf of other females similarly situated, | Case No. CV11-00538 LEK BMK |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| vs. | |
| WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM VACATION RESORTS, INC.; MICHAEL JONAH;  MARK POLLARD; TOM VIRAG; DOES I–X; and ROE BUSINESS ENTITIES I–X, inclusive, | |
| Defendants. | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this date I caused a true and correct copy of the foregoing document to be served on the following individuals via facsimile, hand-delivery, and/or U.S. mail, postage prepaid (as indicated below) to their respective addresses:

|                          | **HAND-DELIVERED** | **FAXED** | **MAILED** |
|--------------------------|--------------------|-----------|------------|
| CARL M. VARADY, ESQ.<br>Pauahi Tower<br>1003 Bishop Street, Suite 1730<br>Honolulu, Hawai`i  96813 | ( **X** ) | ( ) | ( ) |
| and | | | |
| FELICIA MEDINA, ESQ.<br>Sanford Wittels & Heisler, LLP<br>555 Montgomery Street, Suite 1206<br>San Francisco, CA  94111 | ( ) | ( ) | ( **X** ) |

Attorneys for Plaintiffs
LIANE WILSON and JOANNA
WHEELER, on behalf of themselves
and on behalf of other females similarly
situated

DATED:  Honolulu, Hawai`i, September 8, 2011.


/s/ Zachary A. McNish
ANNA ELENTO-SNEED
ZACHARY A. McNISH

Attorneys for Defendants
WYNDHAM WORLDWIDE
CORPORATION, WYNDHAM
VACATION OWNERSHIP, INC.,
WYNDHAM VACATION RESORTS,
INC., MICHAEL JONAH and TOM VIRAG