IMANAKA KUDO & FUJIMOTO
A Limited Liability Law Company

WESLEY M. FUJIMOTO     3100-0
RYAN E. SANADA         7464-0
Topa Financial Center, Fort Street Tower
745 Fort Street Mall, Suite 1700
Honolulu, Hawaii   96813
Telephone:  (808) 521-9500
Facsimile:  (808) 541-9050
Email:  wfujimoto@imanakakudo.com
Email:  rsanada@imanakakudo.com

Attorneys for Defendant
MARK POLLARD

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LIANE WILSON; and JOANNA WHEELER, on behalf of themselves and on behalf of other females similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM VACATION RESORTS, INC.; MICHAEL JONAH; MARK POLLARD; TOM VIRAG; DOE I-X; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>Defendants. | CIVIL NO. 11-00538 LEK.BMK<br><br>**DEFENDANT MARK POLLARD'S ANSWER TO PLAINTIFFS' COMPLAINT FILED JUNE 6, 2011; CERTIFICATE OF SERVICE** |

## DEFENDANT MARK POLLARD'S ANSWER
## TO PLAINTIFFS' COMPLAINT FILED JUNE 6, 2011

Comes now, Defendant MARK POLLARD ("Defendant"), by and through his undersigned counsel, and in response to the Complaint filed by Plaintiffs LIANE WILSON ("Wilson") and JOANNA WHEELER ("Wheeler") (collectively as "Plaintiffs") on June 6, 2011 hereby answers and avers as follows:

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Defendant denies the allegations contained in paragraphs 1, 2, 3, 25, 30, 31, 32, 33, 34, 35, 36, 37, 38, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 56, 57, 58, 59, 60, 61, 62, 67, 68, 71, 72, 73, 74, 76, 77, 78, 79, 80, 81, 82, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 110, 111, 112, 113, 114, 116, 117, 118, 121, 122, 123, 124, 125, 126, 127, 129, 130, 131, 132, 133, 134, 135, 136, 137, 139, 140, 141, 142, 143, 144 and 145 of the Complaint.

3. Defendant admits the allegations contained in paragraphs 4 and 21 of the Complaint.

4. With respect to the allegations in paragraph 5 of the Complaint, Defendant admits that venue is proper. Defendant denies the remaining allegations contained in paragraph 5 of the Complaint.

5. With respect to the allegations in paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

6. With respect to the allegations in paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

7. With respect to the allegations in paragraph 8 of the Complaint, on information and belief Defendant admits that Plaintiff Wilson was employed as a Sales Associate at Wyndham Vacation Resorts, Inc.'s ("WVR") Bali Hai Villas location in Princeville, Kauai. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations, and on that basis, denies them.

8. With respect to the allegations in paragraph 9 of the Complaint, on information and belief Defendant admits that Plaintiff Wheeler was employed by WVR as a Sales Associate at WVR's Bali Hai Villas location in Princeville, Kauai. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations, and on that basis, denies them.

9. With respect to the allegations contained in paragraph 10 of the Complaint, Defendant is without knowledge or information sufficient to form a

belief as to the truth or accuracy of the specific allegations related to Wyndham Worldwide Corporation ("WWC"), and on that basis, denies them.

10. With respect to paragraph 11 of the Complaint, the paragraph contains only a legal conclusion and, as such, no response is required, but otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

11. With respect to the allegations in paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the specific allegations related to WWC, and on that basis, denies them.

12. With respect to the allegations in paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the specific allegations related to Wyndham Vacation Ownership, Inc. ("WVO"), and on that basis, denies them.

13. With respect to paragraph 14 of the Complaint, the paragraph contains only a legal conclusion and, as such, no response is required but otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

14. With respect to the allegations in paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the

truth or accuracy of the specific allegations related to WVO, and on that basis, denies them.

15. With respect to the allegations in paragraph 16 of the Complaint, Defendant admits that Wyndham Vacation Resorts, Inc. ("WVR") regularly transacts business in and has multiple facilities in the state of Hawaii but is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations relating to WVR, and on that basis, denies them.

16. With respect to paragraph 17 of the Complaint, the paragraph contains only a legal conclusion and, as such, no response is required but otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations relating to WVR, and on that basis, denies them.

17. With respect to the allegations in paragraph 18 of the Complaint, Defendant admits that WVR sells and finances vacation ownership interests and develops vacation ownership resorts but Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations relating to WVR, and on that basis, denies them.

18. With respect to the allegations in paragraph 19 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

19. With respect to the allegations in paragraph 20 of the Complaint, Defendant admits that Michael Jonah ("VP Jonah") has been employed as a Vice President of Sales but is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations, and on that basis, denies them.

20. With respect to the allegations in paragraph 22 of the Complaint, Defendant admits that Defendant was employed as an Area Vice President and Vice President of Sales of the Princeville site and at the end of 2010, Defendant was relocated to WVR's Waikiki site and assumed the position of Vice President of Sales of the Waikiki site. Defendant denies the remaining allegations of paragraph 22.

21. With respect to the allegations in paragraph 23 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

22. With respect to the allegations in paragraph 24 of the Complaint, Defendant admits that Tom Virag has been employed as a Director of Sales but is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations, and on that basis, denies them.

23. With respect to the allegations in paragraph 26 of the Complaint, Defendant denies he engaged in illegal actions. As to the remaining allegations in

paragraph 26, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

24. With respect to the allegations in paragraph 27 of the Complaint, Defendant denies he engaged in wrongful and/or illegal actions. As to the remaining allegations in paragraph 27, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

25. With respect to the allegations in paragraph 28 of the Complaint, Defendant denies that he engaged in wrongful actions against Plaintiffs. As to the remaining allegations in paragraph 28, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

26. With respect to the allegations in paragraph 29 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

27. With respect to the allegations in paragraph 39 of the Complaint, Defendant admits that Plaintiff Wilson was employed as a Sales Associate at WVR's Princeville, Hawaii site but Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations, and on that basis, denies them.

28. With respect to the allegations in paragraph 40 of the Complaint, Defendant admits that Plaintiff Wilson was a high performer and won some awards, including the Legend Award, the Top Performer of the Year, the Rookie of the Year, and the President's Club and that one month her closing percentage was 68% during one month. Defendant denies the remaining allegations contained in paragraph 40 of the Complaint.

29. With respect to the allegations in paragraph 53 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

30. With respect to the allegations in paragraph 55 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

31. With respect to the allegations in paragraph 63 of the Complaint, Defendant admits the following: 1) VP Jonah called Plaintiff Wilson into his office and informed her that she was being suspended; 2) VP Jonah stated that the directive had come from Defendant and Andrea Ward and that Plaintiff Wilson was to go home and not return to the premises; and 3) Plaintiff Wilson was put on suspension for four days. Defendant denies the remaining allegations of paragraph 63 of the Complaint.

32. With respect to the allegations in paragraph 64 of the Complaint, Defendant admits that VP Jonah contacted Plaintiff Wilson and requested that she return to the Princeville site to meet with him and admit that VP Jonah informed her that numerous customers had complained about her misrepresentations. Defendant denies the remaining allegations contained in paragraph 64 of the Complaint.

33. With respect to the allegations in paragraph 65 of the Complaint, Defendant admits that VP Jonah informed Plaintiff Wilson that the complaints against her would be investigated and that she remained suspended from work until October 4, 2009, when VP Jonah called her into his office and advised her that she would be separated from employment. Defendant denies the remaining allegations contained in paragraph 65 of the Complaint.

34. With respect to the allegations in paragraph 66 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

35. With respect to the allegations in paragraph 69 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

36. With respect to the allegations in paragraph 70 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

37. With respect to the allegations in paragraph 75 of the Complaint, Defendant admits that a portion of the Marketing Department Representatives' compensation system depended on the volume of qualified tours they were able to book for Sales Associates. Defendant denies the remaining allegations of paragraph 75 of the Complaint.

38. With respect to the allegations in paragraph 83 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

39. With respect to the allegations in paragraph 84 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

40. With respect to the allegations in paragraph 85 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

41. With respect to the allegations in paragraph 86 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

42. With respect to the allegations in paragraph 87 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

43. With respect to the allegations contained in paragraph 88 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

44. With respect to the allegations in paragraph 89 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

45. With respect to the allegations in paragraph 90 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

46. With respect to allegations in paragraph 91 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

47. With respect to the allegations in paragraph 92 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

48. With respect to the allegations in paragraph 93 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

49. With respect to the allegations in paragraph 94 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

50. With respect to the allegations in paragraph 95 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

51. With respect to the allegations in paragraph 96 of the Complaint, Defendant is without knowledge or sufficient information to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

52. With respect to the allegations contained in paragraph 97 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations, and on that basis, denies them.

53. With respect to the allegations contained in paragraph 107 of the Complaint, Defendant incorporates by reference his answers to each of the allegations referenced herein.

54. With respect to the allegations contained in paragraph 115 of the Complaint, Defendant incorporates by reference his answers to each of the allegations referenced herein.

55. Defendant denies the allegations contained in the first paragraph 119 of the Complaint.

56. Defendant denies the allegations contained in the first paragraph 120 of the Complaint.

57. With respect to the allegations contained in the second paragraph 119 of the Complaint, Defendant incorporates by reference his answers to each of the allegations referenced herein.

58. Defendant denies the allegations contained in the second paragraph 120 of the Complaint.

59. With respect to the allegations contained in paragraph 128 of the Complaint, Defendant incorporates by reference his answers to each of the allegations referenced herein.

60. With respect to the allegations contained in paragraph 138 of the Complaint, Defendant incorporates by reference his answers to each of the allegations referenced herein

## THIRD DEFENSE

61. At all relevant times hereto, Defendant followed the policies and practices in place to prevent and correct discrimination and retaliation in the workplace, and Plaintiffs unreasonably failed to take advantage of such preventive and corrective policies and practices provided to avoid the harm alleged in the Complaint.

## FOURTH DEFENSE

62. Defendant properly exercised management discretion and took action for legitimate and nondiscriminatory business reasons.

## FIFTH DEFENSE

63. Defendant had good and sufficient causes and reasons for taking all adverse employment actions, if any, which may have affected Plaintiffs. Accordingly, Plaintiffs are barred from any recovery.

## SIXTH DEFENSE

64. Plaintiffs are precluded from asserting any rights alleged in the Complaint by the doctrines of unclean hands, waiver and/or estoppel.

## SEVENTH DEFENSE

65. Damages allegedly sustained by Plaintiffs, if any, were caused by the actions of someone other than Defendant, over whom the Defendant had no authority or control, or by intervening or superseding cause.

## EIGHT DEFENSE

66. Plaintiffs' retaliation claims fail because Plaintiffs did not engage in protected conduct.

## NINTH DEFENSE

67. Plaintiffs have failed to mitigate their alleged damages and have failed to exercise due diligence in any efforts to mitigate their damages.

## TENTH DEFENSE

68. Plaintiffs are not entitled to recover the punitive damages alleged in the Complaint because Plaintiffs have not set forth a sufficient factual basis for the imposition of punitive damages.

## ELEVENTH DEFENSE

69. Plaintiffs are not entitled to injunctive relief on any of their claims because there exist remedies of laws.

## TWELFTH DEFENSE

70. Plaintiffs are not entitled to a declaratory judgment or the injunctive relief prayed for in the Complaint because Plaintiffs failed to plead sufficient facts and/or meet the legal requirements which would entitle them to a declaratory judgment or injunctive relief.

## THIRTEENTH DEFENSE

71. The Complaint and each purported cause of action alleged therein fail to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

## FOURTEENTH DEFENSE

72. The Complaint and each claim alleged therein are barred to the extent that the allegations therein are not substantially identical to the claims in the administrative complaint filed by Plaintiffs.

## FIFTEENTH DEFENSE

73. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

## SIXTEENTH DEFENSE

74. Plaintiffs' claims are not properly brought as a class action and this matter does not meet the requirements for class certification.

WHEREFORE, Defendant prays for the following relief:

1. The Complaint be dismissed with prejudice and Judgment be entered in favor of Defendant and against Plaintiffs on the Complaint;

2. Plaintiffs' claims for damages, including general, compensatory, punitive and special damages, back and front pay, costs and attorney's fees and any other requested relief, be denied;

3. Defendant be awarded all costs and fees he has and will incur in defending against this Complaint; and

4. Whatever further relief this Court deems necessary, appropriate and/or proper.

DATED: Honolulu, Hawaii, October 17, 2011.

        IMANAKA KUDO & FUJIMOTO

        /s/ Wesley M. Fujimoto
        WESLEY M. FUJIMOTO
        RYAN E. SANADA
        Attorneys for Defendant
        MARK POLLARD

604925.1

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| LIANE WILSON; and JOANNA WHEELER, on behalf of themselves and on behalf of other females similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>WYNDHAM WORLDWIDE CORPORATION; WYNDHAM VACATION OWNERSHIP, INC.; WYNDHAM VACATION RESORTS, INC.; MICHAEL JONAH; MARK POLLARD; TOM VIRAG; DOE I-X; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>        Defendants. | CIVIL NO. 11-00538 LEK.BMK<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing document to be served on the following individuals to their respective addresses by the method noted below:

Electronically served through CM/ECF system:

    Carl M. Varady, Esq.                                carl@varadylaw.com
    Felicia Medina, Esq.                                  fmedina@swhlegal.com
    Attorneys for Plaintiffs

Anna M. Elento-Sneed, Esq.                aes@ahfi.com
Zachary A. McNish, Esq.                    zmcnish@ahfi.com
Attorneys for Defendants
WYNDHAM WORLWIDE CORPORATION,
WYNDHAM VACATION OWNERSHIP, INC.,
WYNDHAM VACATION RESORTS, INC.,
MICHAEL JONAH and TOM VIRAG


DATED:    Honolulu, Hawaii, October 17, 2011.

                                        IMANAKA KUDO & FUJIMOTO

                                        /s/ Wesley M. Fujimoto
                                        WESLEY M. FUJIMOTO
                                        RYAN E. SANADA
                                        Attorneys for Defendant
                                        MARK POLLARD

604925.1