LAW OFFICE OF CARL M. VARADY
CARL M. VARADY                    4873
1003 Bishop Street, Suite 1730
Honolulu, Hawaii 96813
Tel.  808.523.8447
Fax. 808.523.8448
*carl@varadylaw.com*

SANFORD WITTELS & HEISLER, LLP
FELICIA MEDINA              Cal. Bar No. 255804
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
Tel. 415.391.6900
Fax. (415) 391-6901
*fmedina@swhlegal.com*
*Pro Hac Vice Granted*
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LIANE WILSON and JOANNA WHEELER, on behalf of themselves and other females similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WYNDHAM WORLDWIDE CORPORATION, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., MICHAEL JONAH, MARK POLLARD, TOM VIRAG, DOE ENTITIES I through X, and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>    Defendants. | Case No. CV11-00538 LEK BMK<br><br>STIPULATED PROTECTIVE ORDER |

## STIPULATED PROTECTIVE ORDER

Plaintiffs Liane Wilson and Joanna Wheeler, for themselves and on behalf of the class in the above-titled action, and Defendants WYNDHAM WORLDWIDE CORPORATION, WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., MICHAEL JONAH, TOM VIRAG , and MARK POLLARD (hereafter "Defendants"), by and through their respective counsel, hereby stipulate that the following procedures shall govern the handling, examination, review and use of confidential material disclosed during this case (the "Lawsuit").  The parties to this stipulation represent that they intend to use information designated as "confidential" or "proprietary" *solely* for the purpose of litigating this Lawsuit and that they desire and intend to keep such information confidential.

IT IS THEREFORE ORDERED, that documents and information to be disclosed during this Lawsuit shall be subject to the following terms and conditions:

1.     A document or information may be designated as "Confidential" if the designating party believes in good faith that such document or information contains or reflects privileged, confidential, trade secret, commercial or proprietary information.   All confidential material shall be marked or stamped

"CONFIDENTIAL" to indicate that the material is Confidential and to ensure that counsel, support staff, the parties, consultants, and experts are given notice that such documents are to be treated as covered by this Stipulated Protective Order. In no event shall the mark, stamp or notation interfere with the legibility of any part of the document or thing produced.

      2.     In the event that a party wishes to designate as confidential documents or information which were inadvertently produced without having been designated as confidential, then the parties may agree to allow such inadvertently produced material be deemed confidential and subject to all of the protections of this Stipulated Protective Order.  If the parties cannot reach agreement on whether the inadvertently produced material may be treated as confidential, then the inadvertently producing party may petition the Court for a determination as to whether the inadvertently produced material shall be treated as confidential pursuant to this Stipulated Protective Order.

      3.     All documents or information so designated as confidential, in whatever form disclosed, furnished, or submitted, by or on behalf of any party to any other party to this action, shall be used solely in connection with pretrial proceedings, preparation for trial, trial, or other proceedings in this action, including any court filings for this action, but shall not be communicated in any

other manner, directly or indirectly, to anyone other than a person qualified under the terms of this Order or used for any other purpose or other proceeding.

       4.     The term "Confidential" shall be deemed to refer to all privileged, confidential, trade secret, commercial or proprietary information and supporting documents so designated and produced by any party, and all copies of such documents.

       5.     Access to material designated as "Confidential" and to the information contained therein (including extracts and summaries derived from such materials), shall be restricted to:

       (a)     the attorneys appearing in this action for the present parties and non-attorney personnel who are directly employed by those firms and are assisting the attorneys working on this action;

       (b)     any parties to the action (or controlling persons of entities who are parties to the action) whose assistance is required in the preparation of this action for trial and who must have access to the materials to render this assistance;

       (c)     experts or consultants retained in connection with this action, and other potential trial witnesses;

       (d)     such other persons as the parties shall agree to in writing, or the Court shall determine; and

(e)      the Court and authorized Court personnel, provided that either (1) all documents and information designated as Confidential are filed with the Court under seal, after leave of the Court has been obtained as required by Local Rule 83.12, which governs sealing of any documents notwithstanding this protective order; or (2) the party  who designated the documents or information as Confidential is given at least twenty-one (21) days written notice of the specific Confidential documents or Confidential information the filing party intends to  file with the Court.

6.      Each qualified person described in subparagraphs (b), (c), or (d) of the preceding paragraph to whom Confidential documents or information are to be furnished, shown or disclosed shall first be shown a copy of this Order by the disclosing party.  All such persons shall be bound by the terms of this Order, and shall not permit disclosure of the documents or the information contained therein other than pursuant to the terms of this Order; and shall sign the agreement to be bound that is attached hereto as Exhibit "A."

7.      In the event that the receiving party disagrees with the purported confidential nature of any document or other tangible item produced by the producing party, the receiving party shall, within fifteen (15) days of receipt, inform the producing party's counsel of this in writing and the producing party

shall, within fifteen (15) days of such notice, be entitled to file or re-file a Motion for Protective Order, tender the disputed documents for *in camera* review by the Court, and provide written details concerning the claimed confidential nature of each document so challenged.   All parties to this action shall be entitled to participate in any *in camera* document review proceeding, and the producing party shall bear the burden of proof to demonstrate that such documents are indeed confidential.   The parties may mutually consent to extend the fifteen day time limitations above.

A party that designated documents or information as Confidential may file a motion with the Court seeking leave to have part or all of another party's filing be sealed when that other party seeks to use or include Confidential information in a Court filing.  The filing party and any other parties to the case shall have seven (7) days to oppose such a motion.

8.     Any other parties hereafter added to this action shall be bound by the terms of this Order.

9.     This Order is intended to regulate the handling of Confidential document(s) and Confidential information during the entire period of this Lawsuit, including any appeals.  Unless it is modified, superseded or terminated by stipulation or order, it shall continue to bind the Parties even after this Lawsuit is

terminated (whether by judgment, settlement, or otherwise) or remanded to another jurisdiction and until all Confidential Documents are returned or destroyed pursuant hereto.  Nothing herein shall be deemed to waive any Party's right to seek or oppose discovery or object to admission of any evidence.

10.     By entering into this Stipulation, the parties do not waive any privilege that may otherwise obtain; and the parties reserve the right to withhold from production documents that are deemed both confidential and privileged, in the event such documents are withheld from production, the party withholding production shall produce to the requesting party or parties a log of such documents withheld.  The privilege log shall provide the following information: name and/or title of the document, originator/author, date of making, author/sender, recipient(s) if any, and general description of the document.

11.     Any party may apply to the Court for a modification of this Order, and nothing in this Order shall be deemed to prejudice any party's rights to seek modification.  Production of any document or information designated as "Confidential" pursuant to this Order shall not constitute a waiver of any privilege or other protection, if any, and such privilege or other protection may later be asserted by the producing party without regard to the document's production.

DATED: Honolulu, Hawaiʻi, April 3, 2012.


/s/ *Carl M. Varady*
CARL M. VARADY

*Attorney for Plaintiffs*

/s/ *Zachary McNish*
ANNA ELENTO SNEED
ZACHARY MCNISH

*Attorneys for Wyndham Worldwide*
*Corporation, Wyndham Vacation*
*Ownership, Inc., Wyndham Vacation*
*Resorts, Inc., Michael Jonah and Tom*
*Virag*


/s/ *Wesley M. Fujimoto*
WESLEY M. FUJIMOTO
*Attorney for Mark Pollard*


APPROVED AND SO ORDERED:



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 3, 2012

## **EXHIBIT  A**

### AGREEMENT TO BE BOUND BY TERMS OF STIPULATED PROTECTIVE ORDER

The undersigned, _____ certifies that I have been provided with a copy of the Stipulated Protective Order in the lawsuit *Wilson et al., v. Wyndham Worldwide Corp. et al.*, No. CV11-00538 LEK BMK. I have read the terms of the Stipulated Protective Order, and I hereby agree to be bound by its terms.

SIGNED:  _____

DATED: Honolulu, Hawaiʻi: _____.